UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ROBERT MOCO,                                            **NOT FOR PUBLICATION**

                         Plaintiff,

                                                        **MEMORANDUM AND ORDER**
                 -against-                              17-CV-5245 (PKC)(LB)

NEW YORK CITY POLICE DEPARTMENT,

                         Defendant.
-------------------------------------------------------X
ROBERT MOCO,

                         Plaintiff,

                 -against-                              17-CV-5261 (PKC)(LB)

NEW YORK CITY POLICE DEPARTMENT,

                         Defendant.
-------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

        Plaintiff Robert Moco, who is currently incarcerated at Rikers Island, filed two *pro se* civil

rights actions against the New York City Police Department in the United States District Court for

the Southern District of New York.  The first complaint was signed on June 17, 2017 and delivered

to prison authorities on July 12, 2017.  The second complaint was signed on July 16, 2017.  Both

complaints were received in the Southern District on August 11, 2017 and transferred to this Court

on September 7, 2017.  Plaintiff's applications to proceed *in forma pauperis* are granted pursuant

to 28 U.S.C. § 1915.  For the reasons that follow, the complaints are dismissed.

## BACKGROUND

        In the complaint signed on July 16, 2017 and docketed as 17-CV-5261, Plaintiff alleges

that he was arrested on November 7, 2012, that he was charged with a felony, and that the case

was dismissed on September 26, 2013.  (17-CV-5261 Complaint, Dkt. 1, at 4.)  In the complaint

signed on June 17, 2017, Plaintiff alleges that he was asked to go to the police station on September 29, 2013 and that he was subsequently arrested on the basis of a criminal complaint. (17-CV-5245 Complaint, Dkt. 1, at 4.) Thereafter, he was detained for 72 hours, then paid bail of $500 and was released. (*Id.*) He alleges that he received another request to report on November 18, 2013, was arrested again, and was released on $1500 bail. (*Id.*) He states that "both cases went before the judge and were dismissed" on September 16, 2014. (*Id.*) He attaches arrest and charge information indicating that he was arraigned on October 8, 2013 in Case Number 2013QN055910, and that the case was dismissed on September 16, 2014 for failure to provide a speedy trial. (*Id.* at 7.)[1] A second, incomplete document references the November 18, 2013 arrest in Case Number 2013QN064621, with an initial report dated November 21, 2013. (17-CV-5245 Complaint, at 9.) The only named defendant in either action is the New York City Police Department.[2] Plaintiff seeks $2,500,000 in damages in one complaint and unspecified damages in the other.

## DISCUSSION

### A.    Standard of Review

Under 28 U.S.C. § 1915A, the Court must review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers, or employees thereof, to

---

[1] The attached exhibits do not include page numbers. The Court refers to the numbers assigned by the Electronic Case Filing System.

[2] The New York City Charter provides that suits "shall be brought in the name of the City of New York and not in that of any agency." N.Y. City Charter § 396; *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Accordingly, this Defendant would be dismissed in any case. If Plaintiff's claims were not time-barred, he would need to name the individual officers whom he alleges violated his constitutional rights, *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (actions filed under 42 U.S.C. § 1983 require that "the conduct complained of must have been committed by a person acting under color of state law."), or establish municipal liability against the City of New York by showing proof that a municipal policy or custom caused the deprivation of his or her constitutional rights, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

"identify cognizable claims[,] or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Moreover, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint for any of the same reasons. 28 U.S.C. § 1915(e)(2)(B). Where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, that claim is subject to dismissal for failure to state a claim. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a complaint can be dismissed on initial review based on an affirmative defense that appears on the face of the complaint.)

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## B.    Statute of Limitations

In New York State, the statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 ("Section 1983") is three years. *Owens v. Okure*, 488 U.S. 235, 250 (1989) (courts deciding claims under Section 1983 should "borrow" the State statute of limitations for personal injury actions); N.Y. C.P.L.R. § 214 (McKinney's) (the statute of limitations for personal injury actions in New York is three years.). Generally, a Section 1983 claim accrues "when the plaintiff knows or has reason to know of the harm" he or she has suffered. *See Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)). The Supreme

Court has clarified that the statute of limitations for a claim of false imprisonment, which includes false arrest, begins to run at the time the claimant "becomes held pursuant to [legal] process—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007).

Plaintiff did not file the instant lawsuits until July of 2017. Counting back three years from the filing dates, Plaintiff's claims would have had to accrue in July of 2014 at the earliest. In one complaint, Plaintiff states that he was charged after the November 7, 2012 arrest and that the charges were dismissed on September 26, 2013, well before the latest accrual date. Plaintiff's other complaint alleges that he was arrested on September 29, 2013 and again on November 18, 2013. The attached documents show that he was arraigned on October 8, 2013 on the first charge and sometime before the initial report was filed on November 21, 2013 on the second arrest. As Plaintiff's false arrest claims accrued more than three years prior to the filing of the complaints, these claims are time-barred by the statute of limitations. *See Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (affirming *sua sponte* dismissal of claims that fall outside of the statute of limitations for § 1983 actions).

The statute of limitations may be subject to equitable tolling in exceptional circumstances, which, in New York State, includes "a disability because of infancy or insanity at the time the cause of action accrues." CPLR § 208 (McKinney's). Plaintiff has not suggested any such grounds for tolling the statute of limitations. Accordingly, all of Plaintiff's claims related to his 2012 and 2013 arrests are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B).

## **CONCLUSION**

For the reasons stated above, these actions are hereby dismissed pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B). Should Plaintiff have grounds to toll the statute of limitations relevant to any of the incidents he mentions, he may file an amended complaint under these docket numbers within thirty (30) days of the date of this Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
        December 7, 2017